IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS GONZALEZ,

    Plaintiff,

vs.                          CASE NO. 4:22-CV-000129-WS-MAF

UNITED STATES OF AMERICA[1],

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, filed a "Sworn Statement" alleging unlawful imprisonment and war crimes against him "and every real person since the first day of their employment with the foreign agency of false contract claims against private citizens of America." ECF No. 1. The filing is no model of clarity.

The Court liberally construes the pleading as an attempt to file a civil rights complaint against the United States of America pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

---

[1] The Undersigned directs the Clerk to correct the scrivener's error and to name the United States of America as the sole defendant in this case.

(1971).[2] See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

The Court may review a plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening. ECF No. 1. See 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. Plaintiff, no stranger to the federal court, is a three-striker under the Prison Litigation Reform Act (PLRA) and did not pay the $402 filing fee at the time he initiated this case. The case should be dismissed under the PLRA and because it is futile to amend.

I.  **Plaintiff's "Sworn Statement," ECF No. 1.**

Plaintiff sets forth a string of legal conclusions without supporting facts. ECF No. 1. The filing is not on the proper form and is accompanied by a "Motion for Disclosure of Impeaching Information and Evidence Favorable to Defendant" that was filed in Case No. 482010CF014929A, Plaintiff's criminal case out of the Ninth Judicial Circuit in and for Orange County, Florida. Id., pp. 3-9. The motion was signed by Plaintiff's counsel, Junior Barrett, on May 6, 2011. Id.

---

[2] Plaintiff attempts to present the style of the case as "Thomas Gonzalez principal private citizen Damaged Party v. United States." ECF No. 1, p. 2.

Case No. 4:22-CV-00129-WS-MAF

Plaintiff's allegations are difficult to discern and amount to a rambling narrative. As best can be determined, Plaintiff wants release from unlawful imprisonment; an unspecified amount of compensation from "Jeffery C. Arnold," Joshua Adams, and Junior Alphonso Barrett; and to have these individuals prosecuted and imprisoned for committing war crimes against him and others. Pursuant to Fed. R. Civ. P. 201, the Court takes judicial notice of the underlying criminal docket and determined that C. Jeffery Arnold was the judge who presided over Plaintiff's criminal case: Junior Barrett was Plaintiff's defense counsel; and Joshua Adams was the assistant state attorney prosecuting the case.[3]

The Court also takes judicial notice of certain federal cases initiated by Plaintiff. In 2017, Plaintiff attempted to present similar allegations against Arnold, Adams, and Barrett in the Middle District of Florida. The case was dismissed because Plaintiff's claims were unclear and, to the extent he was seeking habeas relief, he was required to file a petition pursuant to 28 U.S.C. § 2254. See M.D. Fla. Case No. 6:17-cv-1219-ORL-18-DCI, DE# 3. Repeatedly, Plaintiff initiated cases where it was impossible to discern whether he sought relief under 42 U.S.C. § 1983 or 28 U.S.C. § 2254, the

---

[3] Orange County court records can be found at the following URL https://myeclerk.myorangeclerk.com.

filings were not on the proper forms, he failed to file motions to proceed *in forma pauperis* or, alternatively, failed to pay the filing fees. See M.D. Fla. Case Nos. 6:16-cv-01744-GKS-T_S, 6:17-cv-00800-PGB-DCI, 6:17-cv-01219-GKS-DCI, 6:18-cv-01900-PGB-T_S, 6:20-cv-00318-GKS-LHP, and S.D. Fla. Case No. 1:21-cv-20858-AHS. Those federal courts gave Plaintiff specific instructions for proper filing and provided the requisite forms. See also M.D. Case Nos. 6:17-cv-00831-GKS-KRS and 6:20-cv-00125-GKS-EJK. This Court will not repeat the directives of other courts or provide Plaintiff duplicate complaint forms. This case is due to be dismissed for the reasons stated below.

## II. Plaintiff's Claims Do Not Satisfy the Imminent Danger Exception.

Plaintiff fails to demonstrate he is in imminent danger of serious physical injury at the time of his initial filing. The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff had a least three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be

granted: M.D. Fla. Case No. 6:17-cv-00863-CEM-DCI (failure to state a claim), M.D. Fla. Case No. 6:17-cv-01285-GKS-DCI (frivolous), and N.D. Ga. Case No. 1:22-cv-00342-AT (frivolous).

Normally, the Court would permit a *pro se* plaintiff the opportunity to amend a complaint before recommending dismissal. However, this Court will not follow that trend because Plaintiff is a three-striker, did not pay the filing fee when he initiated the case, has not demonstrated that he is in imminent danger of serious physical injury, and an amendment would be futile. Plaintiff sues for past conduct, some of which is likely barred by the statute of limitations if it is related to his 2011 criminal case. See Medberry v. Butler, 1285 F.3d 1189, 1193 (11th Cir. 1999) (finding that past conduct cannot serve as a basis for the exception to Section 1915(g)). The statute of limitations period for Section 1983 claims arising in Florida is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(j).

### III. Plaintiff's Notice is Legally Insufficient to Serve as an Operative Complaint.

*Pro se* parties filing civil rights actions, pursuant to 42 U.S.C. § 1983, must file a complaint on the proper form. N.D. Fla. Loc. R. 5.7(A). "The Court need not—and ordinarily will not – consider a petition, motion, or complaint that is not filed on the proper form." Id. The Complaint must set out the

specific claims and supporting facts. N.D. Fla. Loc. R. 5.7(B). Plaintiff attempts to set out allegations in this "Sworn Statement," which is impermissible. ECF No. 1. As outlined above, Plaintiff has been advised by more than one federal court on how to file a proper civil rights action and a proper habeas petition. Because the filing fails to comport with the Rules governing these proceedings, and because Plaintiff was previously advised by other federal courts on the proper course of filing, the Court will not consider the claims raised.

## IV.    Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

Case No. 4:22-CV-00129-WS-MAF

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the

defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

As narrated above, Plaintiff names only one defendant, the United States of America. However, Plaintiff provides no facts or associated dates to suggest that the United States committed any constitutional violation or is somehow vicariously liable for the actions of a state prosecutor, a state judge, and a criminal defense attorney. Plaintiff's general assertions without more, fail to support any claims against the United States. Similarly, Plaintiff provides no factual context for his demands against Arnold, Adams, and Barrett.

Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Legal conclusions are insufficient.

## V. The Futility of Amendment

Under Fed. R. Civ. P. 15, a plaintiff is generally permitted to amend his complaint as a matter of course; however, the Court may dismiss the claims where an amendment would prove futile. "Futility of amendment is also a proper reason for denying a motion for leave to amend" under Rules 15(a) and 16(b). Alexander v. AOL Time Warner, Inc., 132 F. App'x 267, 268 (11th Cir. 2005); see also Spaulding v. Poitier, 548 F. App'x 587, 594 (11th Cir. 2013) (finding the magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile) (citing Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Adams and Barrett cannot be pursued as defendants in a Section 1983 action. First, a defense attorney is not a state actor under Section 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Second, state prosecutors are immune from suit. Hughes v. Chesser, 731 F.2d 1489, 1490 (11th Cir. 1984).

Judge Arnold would likely be entitled to absolute immunity for any acts conducted in his judicial capacity in Plaintiff's criminal case. Dykes v. Hosemann, 776 F.2d 942, 945 (11th Cir. 1985) (en banc) (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)). While absolute immunity is an affirmative defense for a judge, here, Plaintiff was adjudicated guilty in 2011

Case No. 4:22-CV-00129-WS-MAF

following a jury trial. To serve Judge Arnold with an amended complaint would be futile. The statute of limitations period for Section 1983 claims arising in Florida is four years. Chappell, 340 F.3d at 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(j). Federal courts must apply state law in determining the statute of limitations applicable to a Section 1983 action. "[T]he limitations period begins to run when the 'facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.'" Heard v. Publix Supermarkets, Inc., 808 F. App'x 904, 907 (11th Cir. 2020) (citing Fla. Stat. § 95.031(2)(a) (2019)).

Here, Plaintiff's claims arise from 2011, eleven years ago. Because Plaintiff's claims are clearly time-barred, the complaint fails and should be dismissed with prejudice. See Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008) (affirming the district court's *sua sponte* dismissal of a 1983 action where the claims were barred by the statute of limitations and before defendants were served); see also Gomez v. Cal., 702 F. App'x 872, 874 (11th Cir. 2017) (affirming dismissal of 42 U.S.C. § 1983 claims as time-barred).

Finally, it is futile to amend to the extent Plaintiff seeks as relief the prosecution and imprisonment of Arnold, Adams, and Barrett. Plaintiff's reliance on the criminal statutes to create a private right of action is

misplaced. See Linda R.S. v. Richard C., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Love v. Delta Air Lines, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (stating "[c]riminal statutes generally do not provide a private cause of action"). The decision to prosecute generally rests entirely in the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). For these reasons, Plaintiff's criminal allegations should be dismissed for lack of standing.

## VI. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the case be **DISMISSED** with prejudice under the three-strikes provision of 28 U.S.C. § 1915(g), the complaint is an impermissible shotgun pleading, and it is otherwise futile to amend. It is further **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on April 1, 2022.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline

that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).